The document below is hereby signed.

Signed: May 25, 2017



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| In re | ) | |
|---|---|---|
| | ) | |
| LATRICIA LEE HARDY, | ) | Case No. 16-00280 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION RE TRUSTEE'S CONTEMPT MOTION
AGAINST DEBTOR AND DEBTOR'S MOTION TO DISMISS TRUSTEE'S CLAIMS

The parties attended a hearing on May 23, 2017, regarding the *Chapter 7 Trustee's Motion for Order to Show Cause Why the Debtor Should Not Be Held in Contempt for Failure to Comply with Order Approving Turnover of Real Property* (Dkt. No. 167) ("*Contempt Motion*") and the debtor's *Motion to Dismiss Trustee's Claims* (Dkt. No. 193), in defense to the *Contempt Motion*. For reasons set forth in an oral decision at that hearing, as supplemented by this decision, the debtor's *Motion to Dismiss Trustee's Claims* lacks merit and the trustee is entitled to relief pursuant to his *Contempt Motion*.

I

When the debtor filed her petition, the debtor's one-half ownership interest in property located at 1414-1416 Pennsylvania

Avenue, S.E., Washington, D.C. (the "Property") became property of the estate that only the trustee is authorized to administer. The debtor's mother is the co-owner of the property. In a separate adversary proceeding, the trustee obtained an order on November 15, 2016, authorizing him to sell the entire Property free and clear of the co-owner's interest pursuant in the Property to 11 U.S.C. § 363(h). The debtor was ordered to turn over the Property to the trustee. *See* Dkt. No. 79. Since filing her petition and through the current date, the debtor has not only failed to comply with the turnover order but also has entered into new lease agreements with commercial tenants and has actively sought to rent space in the Property to new tenants. The debtor had no authority to enter into such leases of the Property after commencement of her bankruptcy case because her interest in the Property belonged to the estate and such acts thus amounted to acts to exercise control over property of the estate in violation of 11 U.S.C. § 362(a)(3). In any event, when she entered into lease agreements after entry of the court's order directing turnover of the Property, those leases were entered into in violation of the order directing turnover and are therefore invalid.

## II

The debtor's motion alleges that "Debtor has acquired a lease to carry on business affairs on behalf of Capitol Hill

Beauty Salon in 2010 with a 25 year lease," (Dkt. No. 193, at ¶ 10) that the lease was rejected by operation of 11 U.S.C. § 365(d)(4), and that the trustee was required to deliver the Property to the lessor under that provision. *See* Dkt. No. 193, at 3-4. The court rejects that argument. There was no such lease, and even if there were such a lease, it would not matter.

A.

The debtor failed to schedule the lease and failed to comply with the trustee's request at the creditors' meeting pursuant to 11 U.S.C. § 341 that she produce any leases related to the Property. The court rejects the debtor's testimony that there was a lease between the debtor and her mother as not credible. No such lease existed, and at most an arrangement existed between the debtor and her mother whereby the debtor would continue to operate at the premises the beauty salon that her mother had operated. As a co-owner of the Property, the debtor already had the right to occupy the Property. Being allowed to continue to use the trade name of Capitol Hill Beauty Salon and its goodwill did not amount to a lease.

In addition, the debtor's position that there was a lease to her of the premises is barred by equitable estoppel. Equitable estoppel is the "general proposition that, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because

his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Davis v. Wakelee*, 156 U.S. 680, 689, 15 S.Ct. 555, 39 L.Ed. 578 (1895). The debtor scheduled no lease for the trustee to consider assuming or rejecting (or as to which the trustee could consider obtaining an order permitting him to delay deciding whether to assume or reject the lease). The debtor's conduct led the trustee to believe that there was no lease as to which he faced a deadline for assumption or rejection under 11 U.S.C. § 365(d)(4). Now, the trustee will be injured if the debtor is allowed to take the contrary position that there *was* a lease, with the lease rejected by operation of § 365(d)(4), and if such rejection of the lease would lead to the debtor's prevailing on the *Contempt Motion*. Equitable estoppel applies.

B.

Even if there was a lease for the debtor to use the premises, that lease would have related to her mother's one-half co-ownership interest in the Property, as the debtor still would have had the right to occupy the property simply by virtue of her own one-half co-ownership interest, for which she needed no lease. Accordingly, regardless of the existence of a lease between the debtor and her mother, upon the debtor filing her bankruptcy petition, the debtor's one-half co-ownership interest

4

became property of the estate that only the trustee was authorized to administer. As a co-owner of the Property, the debtor was a necessary party to any leases to individuals to use space in the premises as hair stylists or otherwise.[1] Therefore, after filing her petition, the debtor could not enter into any leases to individuals to use space in the premises as an exercise of her mother's one-half co-ownership interest without involving the trustee, who was the only party authorized to exercise the debtor's one-half co-ownership interest. When the debtor entered into leases of the property to various individuals after the commencement of the case and after entry of the order directing turnover, she violated 11 U.S.C. § 362(a)(3) and this court's turnover order, and such leases are null and void.

III

Granting a motion for civil contempt ordinarily leads to an award of compensatory or coercive contempt sanctions, but the trustee seeks no such sanctions even though clear and convincing evidence demonstrates that the debtor is in civil contempt of the automatic stay and a turnover order that were clear and unambiguous. However, in light of the debtor's interference with

---

[1] Even if the alleged lease from the debtor's mother existed prepetition and continued in existence after it was deemed rejected by the trustee, the debtor's rights as lessee of her mother's one-half interest in the property would not alone have sufficed to allow her to enter into leases with such individuals.

5

the trustee completing a sale of the property, the *Contempt Motion* was specific in seeking an order in aid of completing a contract for the sale of the property that this court approved at a hearing of April 19, 2017; in aid of enforcing the turnover order; and in aid of enforcing the trustee's rights arising from the debtor's one-half interest being property of the estate. Such an order is appropriate to aid in enforcement of the trustee's rights and is authorized under 11 U.S.C. § 105(a), which provides that the court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

The court will direct the debtor to produce all leases or other agreements for the possession or use of the Property; to account for all post-petition rents she has collected from anyone relating to the Property; to provide the trustee with the full names and addresses on any person or entity who is currently using the Property under a lease or license; and to no longer interfere directly or through her family members and agents with the trustee's exercising control over the Property.  The court will further direct that the debtor, and those acting in concert with her, including but not limited to the debtor's daughter, Ebony Hardy, shall immediately cease and desist all attempt to lease any portion of the Property and immediately remove the "For Rent" sign at the Property.  The court will further declare that

any grant, since the date of conversion of this case to Chapter 7, of a lease or right to use or occupy the Property, is declared void.  (The debtor's one-half interest became property of the estate subject to the trustee's control, and without the trustee's joining in a lease of the Property or a grant of a right to use or occupy the property, such lease or grant would be ineffective.)  Finally, the court will authorize the trustee to give notice to tenants and occupants of the property to vacate the property within 5 days, and if they fail to do so the order will direct the United States Marshal to evict such tenants and occupants.

IV

Orders follow denying the debtor's *Motion to Dismiss Trustee's Claims* (Dkt. No. 193) and granting the trustee relief pursuant to his *Contempt Motion* (Dkt. No. 167), entitling him, among other things, to obtain possession of the property and to evict any occupants.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders;

Ebony Hardy
1503 Pennsylvania Ave., SE
Washington, DC 20003-3117

7

R:\Common\TeelHM\Judge Teel Docs\Hardy (Latricia Lee) Misc. - Mot to Dismiss Trustee's Claims_Latricia Lee Hardy - Mem Decsn_v6.wpd