The document below is hereby signed.

Signed: June 17, 2017



_S. Martin Teel, Jr._
United States Bankruptcy Judge

```
              UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LATRICIA LEE HARDY, | ) | Case No. 16-00280 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE MOTION FOR
SUMMARY JUDGMENT FILED BY ALL CREDIT CONSIDERED
MORTGAGE, INC. REGARDING THE DEBTOR'S OBJECTION TO ITS CLAIM

The debtor, LaTricia Hardy, filed an objection to the claim of All Credit Considered Mortgage, Inc. ("ACC Mortgage") titled *Objection to and/or of Claims of All Credit Considered Mortgage, Inc.* (Dkt. No. 159) ("*Objection*"). At a hearing on April 19, 2017, the court dismissed all but one of the debtor's bases for objecting to ACC Mortgage's claim. This decision addresses ACC Mortgage's motion for summary judgment (Dkt. No. 190) regarding the remaining issue to be resolved as to the *Objection*: the validity of ACC Mortgage's lien in light of its status as a foreign corporation not registered to do business in the District of Columbia.

I

BACKGROUND

The debtor and her mother, Patricia White, own commercial real estate located at 1414-1416 Pennsylvania Avenue SE, Washington, DC 20003 (the "Property").  On May 31, 2016, the debtor commenced this case by filing a voluntary petition under chapter 13 of the Bankruptcy Code (11 U.S.C.).  On July 25, 2016, the court entered an order converting the case to a case under chapter 7 of the Bankruptcy Code.  Bryan Ross was appointed the chapter 7 trustee in the case.  In Adversary Proceeding No. 16-10034 the court entered a final order on November 15, 2016, authorizing Ross to sell the Property free and clear of Patricia White's 50% co-owner's interest in the Property pursuant to 11 U.S.C. § 363(h).  Ross has proceeded to attempt to sell the Property, and currently is moving towards closing on a sale pursuant to a contract of sale approved by the court.[1]

ACC Mortgage asserts a lien against the Property (a *Deed of Trust* encumbering the Property to secure a *Deed of Trust Note* for $276,000).  ACC Mortgage has not filed a proof of claim. However, with exceptions of no relevance here, even if a lienor

---

[1] One sale approved by the court by an order entered on January 30, 2017, fell through, but Ross obtained a second proposed contract of sale.  Pursuant to a hearing of April 19, 2017, the court approved that contract of sale, entering a written order to that effect on June 2, 2017.  The sale has not yet closed, in part because the debtor has not turned over the Property to the trustee.

does not file a proof of claim, the lienor's lien remains intact in a case under chapter 7 of the Bankruptcy Code (11 U.S.C.) and fully enforceable (except for the effects of the automatic stay of 11 U.S.C. § 362(a)), and upon conclusion of the case (if the lien is not paid during the case), the lien passes through the bankruptcy case unaffected. *See Long v. Bullard*, 117 U.S. 617, 620-21 (1886).

Accordingly, ACC Mortgage's lien, if valid, must be paid out of the proceeds of the chapter 7 trustee's forthcoming sale of the Property if clear title is to be conveyed to the purchaser as required by the contract of sale.  If ACC Mortgage's lien is valid, the payment of that lien will thus affect the amount of sales proceeds available to pay to the debtor after (1) satisfaction of valid liens on the Property, (2) payment of the costs and expenses of the sale, and (3) payment (out of the one-half interest of the debtor in the proceeds of sale) of compensation of Ross as the chapter 7 trustee, and other administrative claims, plus payment of allowed unsecured claims with postpetition interest at the legal rate.  *See* 11 U.S.C. §§ 363(j) and 726(a).

The debtor has challenged the validity of ACC Mortgage's lien by filing her *Objection*.  The *Objection* amounted to a request to adjudicate the validity of ACC Mortgage's asserted lien, not an objection to a filed proof of claim because ACC

Mortgage had not filed a proof of claim.[2]  At a hearing of April 19, 2017, the court received evidence as to the issues raised by the *Objection*.[3]

In an oral decision at the hearing, the court ruled against the debtor as to some of those issues.  Pursuant to the court's oral decision, the only remaining issue presented by the *Objection* was whether ACC Mortgage's asserted lien is invalid based on ACC Mortgage, as a foreign corporation, not having been registered to do business in the District of Columbia.[4]  On April 28, 2017, the court issued an order (Dkt. No. 165) in which it

---

[2] ACC Mortgage could have insisted pursuant to Fed. R. Bankr. P. 7001 that the debtor pursue her challenge to ACC Mortgage's lien via an adversary proceeding complaint.  However, ACC Mortgage has agreed to have the validity of its lien adjudicated pursuant to disposition of the debtor's *Objection*.

[3] The court received into evidence the *Deed of Trust Note* and the *Deed of Trust* executed in favor of ACC Mortgage.  *See* Dkt. No. 163, at 12-23.

[4] The debtor previously challenged the validity of the lien in a civil action, *All Credit Considered Mortgage, Inc. v. Hardy*, Case No. 2014 CA 004580 B, in the Superior Court of the District of Columbia.  In an *Order* of August 18, 2015, the Honorable Stuart G. Nash of the Superior Court granted ACC Mortgage's motion for partial summary judgment and ruled that the *Deed of Trust Note* was a valid obligation, overruling the debtor's contention that ACC Mortgage was not licensed to do business in the District of Columbia at the time of the loan transaction.  *See* Dkt. No. 163, at 9.

However, that ruling is probably not entitled to collateral estoppel effect because it was not a final judgment, having adjudicated less than all of the claims in the civil action.  ACC Mortgage has not asserted collateral estoppel as a defense to the debtor's *Objection* here.

recited the ruling at the hearing of April 19, 2017, and noted that the remaining issue might be susceptible of disposition via a motion for summary judgment.  The order directed:

> It is . . .
> ORDERED that the debtor's objection to the validity of ACC Mortgage's lien (Dkt. No. 159) is overruled except with respect to the debtor's remaining contention that the lien is invalid based on ACC Mortgage, as a foreign corporation, not having been registered to do business in the District of Columbia.  It is further
> . . .
> ORDERED that this order does not fix the amount of ACC Mortgage's claim because there has not been a request by either the debtor or ACC Mortgage to fix the amount of the claim, but either the debtor or ACC Mortgage may pursue a request to fix the amount of the claim, with the trustee to be included as a party if such a request is filed (or the trustee may pursue such a request), and the request may be pursued via an adversary proceeding or the parties may agree that such a request may be pursued via a motion in lieu of an adversary proceeding.

ACC Mortgage has filed a *Motion for Summary Judgment as to Debtor's Objection to the Validity of ACC Mortgage's Deed of Trust Lien* (Dkt. No. 190)[5] ("*Motion for Summary Judgment*") and a memorandum in support thereof (Dkt. No. 188).  The debtor timely

---

[5]  The same motion appears at Dkt. No. 187.

opposed the *Motion for Summary Judgment*.[6] The *Motion for Summary Judgment* will be granted.

II

SUMMARY JUDGMENT IS APPROPRIATE

Pursuant to Fed. R. Civ. P. 59(a), summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Under the standards of Rule 59(a), summary judgment is appropriate with respect to the remaining issue of whether ACC Mortgage's lien is invalid based on ACC Mortgage, a foreign corporation, having allegedly not been registered to do business in the District of Columbia.

A. MATERIAL FACTS NOT IN DISPUTE

On April 14, 2014, the debtor, on her own behalf, and via a power of attorney, on her mother's behalf, executed in favor of ACC Mortgage the *Deed of Trust Note* and the *Deed of Trust* against the Property that were received into evidence at the hearing of

---

[6] The opposition is titled *Debtor's Motion to Dismiss Creditor's Motion for Summary Judgment as to Debtor's Objection to the Validty* [sic] *of ACC Mortgage's Deed of Trust Lien and Cross Motion for Summary Judgment and Dismissal of Debtor's Involuntary Chapter 7 Case that was Requested by Creditor ACC Mortgage, Inc.*, which has been docketed as both a motion and a cross-motion for summary judgment. See Dkt. No. 199.

　The debtor has also filed a *Cross Motion for Summary Judgement and Dismissal of Debtor's Involuntary Chapter 7 Case that was Requested by Creditor, All Credit Considered Mortgage, Inc.* See Dkt. No. 200. The court addresses that *Cross Motion* in a separate decision.

April 19, 2017. *See* Dkt. No. 163, at 12-24. The *Deed of Trust* (Dkt. No. 163, at 16-23) was recorded on December 3, 2014. *See id.* at 23. The loan for which the *Deed of Trust Note* was issued was a commercial loan.[7] The debtor has not disputed that this was the character of the loan.[8] Nor, as discussed in part III below, has the debtor presented any argument that would warrant denying ACC's Mortgage *Motion* if the foregoing facts entitle ACC Mortgage to judgment as a matter of law.

B.

### THE UNDISPUTED MATERIAL FACTS ENTITLE ACC MORTGAGE TO JUDGMENT AS A MATTER OF LAW

The court need not decide whether ACC Mortgage was registered to do business in the District of Columbia in 2014 when the debtor executed the *Deed of Trust Note* and the *Deed of*

---

[7] The *Deed of Trust Note* recites at page 3 (Dkt. No. 163, at 15) that:

> The Borrower represents and warrants that the indebtedness evidenced hereby was made and transacted solely for the purpose of acquiring or carrying on a business, professional or commercial activity and that no portion of the amount advanced by the lender will be used for family, household or personal purposes.

[8] The debtor has made clear at several hearings in this court that the Property has been operated as a commercial property for many years, housing the Capitol Hill Beauty Salon (a business begun by the debtor's mother).

7

*Trust* and when ACC Mortgage recorded the latter document.[9] Even if ACC Mortgage, as a foreign corporation, was not registered to do business in the District of Columbia when it entered into the loan transaction, recorded the *Deed of Trust,* and took steps to enforce the *Deed of Trust Note* and the *Deed of Trust*, it would not have been barred from taking those actions by virtue of its failure to register to do business in the District of Columbia. D.C. Code § 29-105.02 does require a foreign corporation to register to do business in the District of Columbia. However, D.C. Code § 29-105.05(a) provides in relevant part that:

> a foreign filing entity or foreign limited liability partnership shall not be considered to be doing business in the District under this title solely by reason of carrying on in the District any one or more of the following activities:
>     (1) Maintaining, defending, mediating, arbitrating, or settling an action or proceeding;
> . . .
>     (7) Creating or acquiring indebtedness, mortgages, or security interests in property;
>     (8) Securing or collecting debts or enforcing mortgages or other security interests in property securing the debts and holding, protecting, or maintaining property so acquired[.]

---

[9] ACC Mortgage has submitted an exhibit that appears to be a printout from the District of Columbia's website (DC.gov), showing Department of Regulatory Affairs information regarding ACC Mortgage's registration with that Department starting in 2002. However, that exhibit has not been authenticated. The exhibit appears to show an initial registration and the filing of biennial reports. For the two-year period of 2014 and 2015, there was no filed biennial report until January 6, 2015. Under D.C. Code § 29-105.11, it appears that termination based on a failure to timely file a biennial report is not automatic but requires issuance of a notice of termination.

Accordingly, ACC Mortgage's loan to the debtor, its obtaining a mortgage securing that loan, and enforcement of that loan and mortgage did not qualify as "doing business in the District" under Title 29.  It follows that ACC Mortgage was not required to be registered in the District as doing business as a foreign corporation in order to engage in those activities.[10]  Summary judgment is thus appropriate because, as discussed next, none of the debtor's arguments warrant denial of ACC Mortgage's *Motion*.

III

THE DEBTOR HAS RAISED NO MERITORIOUS ARGUMENTS TO
JUSTIFY DENYING SUMMARY JUDGMENT

The debtor's opposition to ACC Mortgage's *Motion* raises no grounds that warrant denial of the *Motion*.

A.

THE CONTENTION THAT THIS IS AN INVOLUNTARY CASE

The debtor's contention that this is an involuntary case is erroneous and if it were true, would be immaterial.  The debtor's case was commenced voluntarily under 11 U.S.C. § 301 as a chapter 13 case, and thus is not an involuntary case under 11 U.S.C. § 303.  Even if it was an involuntary case, that would not affect the validity of ACC Mortgage's *Deed of Trust*.

---

[10]  Although D.C. Code § 26-1103 imposes licensing requirements with respect to certain mortgage lending activities, those requirements do not apply to mortgage lending with respect to commercial property.  *See* D.C. Code § 26-1101(11) and (12).

9

Pursuant to 11 U.S.C. § 1307(c), the court converted the debtor's chapter 13 case to a case under chapter 7. Although the debtor did not consent to the conversion, that is immaterial because it does not affect the validity of ACC Mortgage's lien or the propriety of this court's adjudication of the validity of that lien.

B.

THE CONTENTION THAT THIS IS A NON-CORE PROCEEDING

The debtor's contention that this dispute regarding the validity of ACC Mortgage's lien is not a core proceeding that this court is authorized to hear and decide under 28 U.S.C. § 157(b)(2) is in error. The proceeding fits within several categories of core proceedings delineated in § 157(b)(2) – for example, § 157(b)(2)(A) ("matters concerning the administration of the estate"); § 157(b)(2)(K) ("determinations of the validity, extent, or priority of liens"), and § 157(b)(2)(O) ("proceedings affecting the liquidation of the assets of the estate"). The determination of the validity of ACC Mortgage's lien is plainly a core proceeding. *See Constellation Dev. Corp. v. Dowden (In re B.J. McAdams, Inc.)*, 66 F.3d 931, 936 (8th Cir. 1995) ("An action to determine the validity, extent, or priority of liens asserted against the property of a bankrupt estate is a core proceeding under 28 U.S.C. §§ 157(b)(1) and 157(b)(2)(K).").

C.

## THE PENDENCY OF AN APPEAL IN
## THE DISTRICT OF COLUMBIA COURT OF APPEALS

It is irrelevant that the debtor's appeal of the Superior Court of the District of Columbia's rulings in favor of ACC Mortgage in ACC Mortgage's civil action against the debtor may be pending in the District of Columbia Court of Appeals. The automatic stay of 11 U.S.C. § 362(a) stayed that appeal. As explained in *F.T.C. v. Commerce Planet, Inc.*, 815 F.3d 593, 597 n.1 (9th Cir. 2016):

> The filing of a bankruptcy petition triggers an automatic stay, which generally prohibits "the commencement or continuation" of a preexisting judicial action against the debtor, even when the debtor himself continues the case by filing a notice of appeal. 11 U.S.C.§ 362(a)(1); *Parker v. Bain*, 68 F.3d 1131, 1135-36 (9th Cir. 1995).

The debtor has not sought relief from the automatic stay to permit the appeal to go forward. Because it is necessary to determine whether ACC Mortgage's lien is valid in order to distribute the proceeds of the forthcoming sale, it is appropriate for this court to adjudicate the validity of ACC Mortgage's lien. The court has subject matter jurisdiction to adjudicate this matter pursuant to 28 U.S.C. § 1334(b) as this is a civil proceeding "arising under title 11, or arising in or related to" the bankruptcy case.

No party has filed a motion for the court to abstain from hearing this proceeding and abstention would not be appropriate.

Mandatory abstention under 28 U.S.C. § 1334(c)(2) is inapplicable in this case.[11] First, the court's adjudication of the validity of ACC Mortgage's lien is necessarily a core proceeding "arising under title 11 or arising in a case under title 11" to which mandatory abstention does not apply because if the lien is valid then ACC Mortgage is entitled to payment out of the proceeds of the impending sale of the Property in bankruptcy. *See* 28 U.S.C. § 157(b)(1) (granting bankruptcy judges authority to hear and decide, upon referral to the bankruptcy judges of the district, *inter alia,* "arising under title 11, or arising in a case under title 11"); *Stoe v. Flaherty*, 436 F.3d 209, 216 (3d Cir. 2006) ("The category of proceedings 'arising in' bankruptcy cases 'includes such things as administrative matters, orders to turn over property of the estate and determinations of the validity, extent, or priority of liens.' 1 *Collier on Bankruptcy* § 3.01[4][c][iv] at 3-31 (quotations and footnotes omitted)."). Second, the issues have already been fully litigated here, fully

---

[11] 28 U.S.C. § 1334(c)(2)(emphasis added) provides:

> Upon **timely** motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 **but not arising under title 11 or arising in a case under title 11,** with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

briefed, and fully considered by the court, such that any motion for mandatory abstention would now not be timely. Similarly, now that the issues have been fully addressed in this court, discretionary abstention under 28 U.S.C. § 1334(c)(1) is inappropriate.

D.

THE CONTENTION THAT RES JUDICATA BARS
THIS COURT FROM DECIDING THE VALIDITY OF THE LIEN

The debtor contends that res judicata bars this court from determining the validity of the lien because the issues that ACC Mortgage seeks to litigate "are precisely the same issues they raised during the state administrative and state judicial proceedings in the D.C. Superior Court, where they were granted summary judgment, entered on September 19, 2014." *See* Dkt. No. 199, at 8. The debtor argues that ACC Mortgage cannot switch forums and litigate the same issues, and implicitly contends that based on the doctrine of res judicata this court must await the outcome of the debtor's appeal to the District of Columbia Court of Appeals from the adverse rulings of the Superior Court of the District of Columbia.

However, res judicata addresses the effect of a judgment already entered. Even if the District of Columbia Court of Appeals were to eventually direct the issuance of a judgment in favor of the debtor, that eventual judgment is not yet in place and thus can have no res judicata effect at this juncture. The

summary judgment ruling was in favor of ACC Mortgage, not in favor of the debtor, and, understandably, the debtor does not contend that the Superior Court's partial summary judgment ruling has preclusive effect in favor of her with respect to the validity of the lien.

E.

THE CONTENTION REGARDING A BONA FIDE DISPUTE

The debtor contends that ACC Mortgage's lien is in bona fide dispute because of the appeal pending in the District of Columbia Court of Appeals.  When an involuntary petition is filed, one of the issues under 11 U.S.C. § 303(b)(1) is whether the petitioners' claims are "the subject of a bona fide dispute[.]"  However, as already discussed, this was not an involuntary case, and the debtor's contention that there is a bona fide dispute in the appellate court is irrelevant to the matter pending before the court.  If there is a bona fide dispute as to the validity of ACC Mortgage's lien, it is a dispute this court is fully authorized to decide despite the pendency of an appeal elsewhere addressing issues regarding the validity of the lien.

F.

THE CONTENTION THAT ACC MORTGAGE
WAS REQUIRED TO FILE A PROOF OF CLAIM

As already mentioned in the discussion of the background leading to this proceeding, ACC Mortgage was not required to file a proof of claim to assert its lien.  Even if a lienor does not

14

file a proof of claim in a bankruptcy case, the lienor's lien remains intact, and the validity (or invalidity) of the lien affects whether, in order to convey the property free and clear of all liens, the trustee must pay the lien from proceeds of the sale of the property.  The argument that ACC Mortgage was required to file a proof of claim must be rejected.

G.

THE CONTENTION THAT THE DEBTOR IS ENTITLED TO
DISCOVERY BEFORE SUMMARY JUDGMENT IS GRANTED

The issue addressed by ACC Mortgage's *Motion for Summary Judgment* is limited to whether, at the pertinent times in 2014, as a foreign corporation not registered to do business in the District of Columbia, ACC Mortgage was barred from obtaining the *Deed of Trust Note* and recording the *Deed of Trust*.  As demonstrated above, the undisputed fact that the loan was a commercial loan results in ACC Mortgage's obtaining the *Deed of Trust Note* and recording the *Deed of Trust* were not acts of "doing business."  There is no need for discovery when the debtor has not pointed to a dispute of material fact, the resolution of which requires engaging in discovery.

H.

THE CONTENTION THAT ACC MORTGAGE IS NOT THE OWNER OF ITS LIEN

The debtor points to *Herrera v. Deutsche Bank Nat'l Trust Co.*, 127 Cal. Rptr. 3d 362, 370 (Cal. Ct. App. 2011) for the proposition that "[taking judicial notice of a recorded

15

assignment does not establish assignee's ownership of deed of trust]." *See* Dkt. No. 199, at 6.  However, in this case, ACC Mortgage is the original beneficiary of the *Deed of Trust Note* and of the *Deed of Trust* and remains the *Deed of Trust*'s beneficiary of record in the land records of the District of Columbia.  Under the terms of the *Deed of Trust*, ACC Mortgage is entitled to enforce the *Deed of Trust*.

The debtor's *Objection* to ACC Mortgage's claim includes a *UCC Financing Statement* showing that Bethany Finance LLC is a secured party that holds a security interest in all loans made by ACC Mortgage "the funding of which was, were or will be in any way or form procured by ACC from Bethany Financial, LLC ('Bethany Loans')" and that "Bethany Financial, LLC is and will continue to be the sole and exclusive owner of all current and future Bethany Loans, and that ACC's sole interest in said Bethany Loans is that of a loan servicer on behalf of Bethany Financial LLC."  *See* Dkt. No. 159, at 9.

However, assuming that this is an authentic document, the debtor has not shown that the loan to the debtor was a loan for which Bethany Financial, LLC provided the funding.  In any event, even if it were such a loan, ACC Mortgage, as the loan servicer would have standing to act on behalf of Bethany Financial, LLC. *See* Restatement (Third) of Prop.: Mortgages § 5.4 cmt. e (1997) ("A may be a trustee or agent of B with responsibility to enforce

the mortgage at B's direction.  A's enforcement of the mortgage in these circumstances is proper. . . .  The trust or agency relationship may arise from the terms of the assignment, from a separate agreement, or from other circumstances."); *Diaby v. Bierman*, 795 F. Supp. 2d 108, 112-13 (D.D.C. 2011) (" The power to foreclose may be executed by the lender or its representative, such as a trustee. . . .  So whether or not defendants are holders of the note is not dispositive as to whether they have standing to foreclose on the property. . . . [T]he document makes clear that the lender, through trustees, has the express power to foreclose on the property.").

In any event, in the land records, ACC Mortgage is the beneficiary of the *Deed of Trust* and is entitled to direct enforcement of the *Deed of Trust*.  *Id.*  The amount the debtor owes to ACC Mortgage pursuant to the *Deed of Trust Note* remains an unresolved issue, and incident to resolution of that issue the court will address any question as to whether ACC Mortgage owns the *Deed of Trust Note* or, if it does not, whether an agency relationship entitling ACC Mortgage to enforce the *Deed of Trust Note* exists, such that ACC Mortgage may still enforce the *Deed of Trust* to collect the *Deed of Trust Note.*

IV

CONCLUSION

For all of these reasons, ACC Mortgage is entitled to summary judgment pursuant to its *Motion for Summary Judgment* regarding the issue of the validity of ACC Mortgage's lien.  All issued regarding the validity of ACC Mortgage's lien have been disposed of via this ruling or at the hearing of April 19, 2017.  Accordingly, a separate order will be entered overruling the *Objection* to the lien and declaring the lien valid.  It is

ORDERED that the *Motion for Summary Judgment as to Debtor's Objection to the Validity of ACC Mortgage's Deed of Trust Lien* (Dkt. Nos. 187 and 190) is GRANTED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders.