The document below is hereby signed.

Signed: July 26, 2017



*S. Martin Teel, Jr.*
*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LATRICIA LEE HARDY, | ) | Case No. 16-00280 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE DEBTOR'S MOTION TO SHOW CAUSE

The debtor has filed a motion to dismiss her chapter 7 case, titled *Motion to Show Cause* (Dkt. No. 282). The debtor appears to cite four grounds for dismissing her case: (1) her failure to file a certificate demonstrating her participation in a post-petition personal financial management instructional course, as required by Fed. R. Bankr. P. 1007(b)(7); (2) her failure to turn over to the trustee her federal tax returns for 2013, 2014, 2015, and 2016; (3) her failure to file a list of her 20 largest creditors, as required by Fed. R. Bankr. P. 1007(d); and (4) the U.S. Trustee's failure to hold a § 341 meeting of creditors in a timely manner. None of these grounds justifies dismissal.

Fed. R. Bankr. P. 1007(b)(7)(A) requires an individual debtor in a chapter 7 or chapter 13 case to file a statement certifying his or her post-petition completion of an instructional course in personal financial management. The court declines to dismiss the debtor's case on the basis of failure to file a certificate of completion of a personal financial management course. Under 11 U.S.C. § 727(a)(11) and Fed. R. Bankr. P. 4004(c)(1)(H), completion of a personal financial management course is a predicate for receiving a discharge. If a debtor does not file a certificate of completion of a personal financial management course, the consequence is that the debtor will not receive a discharge, not that the debtor's case will be dismissed. The failure to file such a certificate provides no cause for dismissing the case.

Similarly, while the debtor is required to turn over to the trustee tax returns for certain years pursuant to 11 U.S.C. § 521(e)(2)(A) and § 521(f), the court will not automatically dismiss the case on the motion of the debtor based on her failure to turn over tax returns. As stated in *Hickman v. Hana (In re Hickman)*, 384 B.R. 832, 842 (9th Cir. BAP 2008), "a debtor is not entitled to escape by awarding himself a dismissal . . . by declining to perform his statutory duties . . . ." *See also In re On*, No. 10-47541 EDJ, 2010 WL 5394804, at *3 (Bankr. N.D. Cal. Dec. 28, 2010) (quoting *In re Hickman*, 384 B.R. at 842). In any

event, the provisions of 11 U.S.C. § 707(a), which govern dismissal of a chapter 7 case, require a showing of cause before a case will be dismissed.  Sections 521(e)(2) and (f) were not enacted for the benefit of the debtor and thus do not provide cause, for § 707(a) purposes, for dismissing the case on the debtor's own motion.  *See In re On*, 2010 WL 5394804, at *2-3. The trustee is pursuing liquidation of assets for the benefit of creditors and administrative claimants, and a dismissal would be adverse to the interest of creditors and administrative claimants.  Thus, the debtor has not shown cause for dismissing this case based on her own wrongs.[1]

Fed. R. Bankr. P. 1007(d), the debtor's third basis for dismissal, does not apply in voluntary chapter 7 cases.[2]  Rule 1007(d) requires a debtor in a chapter 9 municipality case or in

---

[1] In her *Motion to Show Cause*, the debtor stated that "[n]o Chapter 7 schedules were ever done" but she did not further develop that contention.  If the debtor meant to refer to Schedules A/B-J, she filed such schedules in her chapter 13 case before it was converted to chapter 7 and those schedules still exist in her chapter 7 case.  If she is referring to a schedule of debts incurred post-petition and prior to conversion that she was required to file under Fed. R. Bankr. P. 1019(5)(B)(i), her misconduct in failing to comply with that rule—as in the case of her misconduct in failing to provide tax returns as required by § 521(e)(2) and (f)—does not establish cause for dismissing the case on the debtor's own motion.

[2] In her *Motion to Show Cause*, the debtor repeats her inaccurate contention that this is an involuntary chapter 7 case.  The debtor filed a voluntary chapter 13 petition and her case was later converted to chapter 7.  That does not constitute an involuntary chapter 7 case.

a voluntary chapter 11 case to file with the petition a list of creditors with the 20 largest unsecured claims.  The debtor originally filed a chapter 13 petition and her case was later converted to chapter 7.  Rule 1007(d) is thus irrelevant to this case.

    Finally, the timing of the § 341 meeting of creditors in the debtor's case does not constitute cause for dismissing the debtor's case.  Both when the case was pending in chapter 13 and after the case was converted to chapter 7, the § 341 meeting was scheduled within the time limits set forth in Fed. R. Bankr. P. 2003.[3]  That the debtor failed to attend the meeting of creditors does not constitute cause to dismiss the case on the debtor's own

---

[3] In a chapter 13 case, the § 341 meeting of creditors must be held between 21 and 50 days after the order for relief.  *See* Fed. R. Bankr. P. 2003(a).  In a voluntary chapter 7 case, the § 341 meeting of creditors must be held between 21 and 40 days after the order for relief.  *See id*.  The debtor filed her chapter 13 petition on May 31, 2016.  *See* Dkt. No. 1.  Her § 341 meeting of creditors in the chapter 13 case was then scheduled for July 11, 2016 (within 50 days of the debtor's filing of her chapter 13 petition).  The debtor's case was converted from chapter 13 to chapter 7 on July 25, 2017.  *See* Dkt. No. 47.  The § 341 meeting of creditors for debtor's chapter 7 case was then scheduled for September 1, 2016 (within 40 days of the conversion of the debtor's case on July 25, 2016).  *See* Dkt. No. 48.

motion.[4]  Even if the meeting of creditors had been scheduled beyond the Rule 2003 time limit, it is doubtful that such a failure would ever be a basis for dismissing a case.  In any event, this case has progressed to the point that cause would not exist to dismiss the case based on such a failure.

It is thus

ORDERED that the debtor's *Motion to Show Cause* (Dkt. No. 282) is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders.

---

[4] In her *Motion to Show Cause*, the debtor acknowledged that she did not attend the § 341 meeting when her case was pending in Chapter 13.  The debtor also neglected to attend the first scheduled § 341 meeting of creditors after her case was converted to chapter 7.  On September 2, 2016, the chapter 7 trustee filed a motion to compel the debtor to attend the chapter 7 § 341 meeting of creditors, which was continued to September 26, 2016 because the debtor had failed to appear at the § 341 meeting of creditors on September 1, 2016, "despite notice and reminders from the trustee."  *See* Dkt. No. 75, at 1.  The court granted the chapter 7 trustee's motion and ordered the debtor to attend the § 341 meeting of creditors on September 26, 2016.  *See* Dkt. No. 89.  The § 341 meeting of creditors was then successfully conducted on that date.  Thus, there has been no violation of Rule 2003(a).